**SIGNED THIS: November 24, 2009**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CENTRAL ILLINOIS ENERGY | ) | No. 09-81409 |
| COOPERATIVE, | ) | |
| | ) | |
| Debtor. | ) | |

### O P I N I O N

This matter is before the Court on the Motion for Allowance of an Administrative Expense Claim (the "Motion") filed by HWS Energy Partners, L.L.C. (HWS). On May 1, 2009, HWS filed an involuntary Chapter 11 petition against the Debtor, Central Illinois Energy Cooperative ("DEBTOR"). The involuntary petition was not controverted and an order for relief was entered on June 18, 2009. The case converted to Chapter 7 by order entered July 16, 2009, and Richard E. Barber was appointed Trustee ("TRUSTEE").

On August 14, 2009, HWS filed the Motion pursuant to Section 503(b) of the Bankruptcy Code which provides for allowance of administrative expenses. These include the actual, necessary expenses incurred by a creditor that files an involuntary petition,

Section 503(b)(3)(A), and reasonable compensation for professional services rendered by an attorney for such a creditor, Section 503(b)(4).  HWS seeks an administrative expense determination and award for attorney fees of $5,655 and expenses of $1,667.78.

Spoon River Electric Cooperative ("Spoon River") objects to the Motion on several grounds.  The TRUSTEE also objects, requesting that the Court allow him to conduct the Meeting of Creditors before hearing his position on the Motion.  The Court agreed and set the Motion over to December 7, 2009, with the Meeting of Creditors scheduled for November 25, 2009.

HWS challenges Spoon River's standing to object to an administrative priority claim.  The Court took that limited issue under advisement and now rules that Spoon River lacks standing because it does not hold a claim that will be affected by the allowance of HWS's Motion.

Whether Spoon River holds a claim and if so, what kind, is a question of state law, generally, and the effect of a Fulton County foreclosure action, specifically.  According to its complaint for foreclosure filed May 14, 2008, as Fulton County Case No. 08 CH 58, Spoon River held a first mortgage and a second mortgage on certain Fulton County real estate owned by the DEBTOR.  The first mortgage secured a non-interest bearing note in the principal amount of $450,000.  The second mortgage secured a note in the principal amount of $90,000.  Count I of the complaint seeks foreclosure of the first mortgage and Count II, the second mortgage.

The Judgment of Foreclosure ("Judgment") entered January 30, 2009, purports, by its title, to be a judgment only on Count II of the complaint.  It reads, however, like a

judgment on Count I as well. The court made findings that include a specific determination that the DEBTOR defaulted on the first mortgage, that Spoon River elected to accelerate the first mortgage note, and that the mortgaged premises were thereby "forfeited" subject only to the DEBTOR'S right of redemption. The Judgment determines the balance due Spoon River on both the first and second mortgages, including attorney fees and costs, to be $577,889.43. It also determines the balance due New CIE Energy OPCO, LLC, holder of a third mortgage, to be $632,329.64.

The Judgment proceeds to adjudicate and order the terms of redemption: that the DEBTOR shall pay to Spoon River the total balance due on both notes in the amount of $577,889.43, as itemized in Paragraph 9 of the Judgment, before expiration of the redemption period on April 30, 2009. The Judgment then provides as follow:

> If the premises shall not be redeemed according to and within the time provided by law, (the DEBTOR) and all persons claiming by, through or under them, are to be forever barred and foreclosed of and from all right and equity of redemption in or to the premises, or any part thereof.

Although the Judgment provides that bidders at the sale "may bid subject to the principal balance of the First mortgage," it does not provide that the first mortgage (and the DEBTOR'S rights thereunder) would remain in place. Instead the Judgment states categorically that the "sale shall be free and clear of all encumbrances."

So for all intents and purposes, the Judgment, by its plain language, forecloses and terminates the DEBTOR'S entire interest in the real estate (subject only to the DEBTOR'S right of redemption, which expired unexercised), including its equity of redemption arising not only on account of the second mortgage, but on account of the first mortgage as well.

3

The real estate was subsequently sold by the Fulton County Sheriff for a bid price of $897,891.50 to the holder of the third mortgage. The Order Confirming Sale makes no mention that the sale was subject to the first mortgage or that the DEBTOR'S rights thereunder are preserved.

In this Court's view, there are only two plausible interpretations of the effect of the foreclosure Judgment. The two possibilities flow from the fundamental foreclosure precept that while a mortgagee, under Illinois law, has the right to sue on the note, only, without foreclosing on the real estate, the reverse is not true. When a mortgage is foreclosed, so is the underlying note, subject only to the possibility of a deficiency judgment. A mortgage note cannot survive foreclosure of the mortgage.

With this principal in mind, one possible interpretation, advocated by Spoon River, is that the first mortgage and first mortgage note were not foreclosed. This would mean that the DEBTOR still owes Spoon River $450,000 on the non-interest bearing note, that the debt remains secured by the first mortgage on the real estate, and that the DEBTOR'S equity of redemption is not terminated (and is subject to administration by the Chapter 7 Trustee as an asset of the bankruptcy estate). It would also mean that the debt is substantially oversecured since the value of the real estate is about three times the note amount. Therefore, Spoon River would have a fully secured claim.

Alternatively, if, as it appears from the foreclosure Judgment, the amount due was determined on both the first and second mortgage notes,[1] the DEBTOR'S equity of

---

[1] Determination of the amount necessary to redeem does not constitute a personal money judgment, which is established only at the sale confirmation stage. *Standard Bank and Trust Co. v. Callaghan,* 215 Ill.App.3d 76, 81, 574 N.E.2d 711, 715 (Ill.App. 2 Dist. 1991).

4

redemption was ordered to be terminated if the full balance on both notes was not paid, redemption did not occur, a sale occurred and was confirmed without deficiency on the first and second mortgages, then Spoon River has no remaining claim against the DEBTOR. The Judgment would stand satisfied by operation of 735 ILCS 5/15-1508(f). The language of the Judgment clearly supports the second alternative.

This Court agrees with HWS that it is simply not possible, as a matter of Illinois foreclosure law, that the DEBTOR'S equity of redemption could be entirely foreclosed and its title to real estate terminated, while the underlying mortgage note remains alive and enforceable.[2] Neither is it possible that a creditor owed $600,000 on two mortgage notes secured by real estate worth twice that, may prosecute a foreclosure action with the result that the second mortgage note is paid in full at a sale while the first mortgage note is somehow transmogrified from a secured into an unsecured debt.

It is most significant that the Judgment conditioned redemption upon the DEBTOR'S payment of the full balance due on both notes. By adjudicating the DEBTOR'S liability on the first mortgage note, and conditioning the DEBTOR'S right to redeem upon payment of that note, the first mortgage was foreclosed by the Fulton County Circuit Court. *See Bernhardt v. Fritzshall,* 9 Ill.App.3d 1041, 293 N.E.2d 650 (Ill.App. 1 Dist. 1973). That a contrary announcement may have been made at the sale that the property was being sold subject to the first mortgage is of no moment. The parties to a foreclosure action are bound by the judgment of foreclosure and sale. *Id.*; 735 ILCS 5/15-1506(i).

---

[2]Since it appears that Spoon River obtained the benefit of an adjudication in the foreclosure action terminating the DEBTOR'S entire interest in the real estate without deficiency, it is judicially estopped from asserting a contrary position in this bankruptcy proceeding. *See Matter of Cassidy,* 892 F.2d 637, 641-42 (7th Cir. 1990), *cert. denied, Cassidy v. C.I.R.,* 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990).

HWS is also correct that as a result of the Fulton County Circuit Court's Order Confirming Sale without a deficiency judgment awarded to Spoon River, the DEBTOR'S obligations to Spoon River were fully satisfied and extinguished. *See* 735 ILCS 5/15-1508(f); *Standard Bank and Trust Co. v. Callghan,* 215 Ill.App.3d 76, 574 N.E.2d 711 (Ill.App. 2 Dist. 1991). Spoon River has no remaining claim against the DEBTOR and is without standing to object to HWS's request for administrative fees and expenses.

Alternatively, even if the Fulton County foreclosure action could be interpreted in such a way that the first mortgage was not foreclosed, Spoon River would hold, not an unsecured claim, but a grossly oversecured claim. Lacking an unsecured claim, Spoon River's interest is not impaired or affected by allowance of HWS's administrative claim and Spoon River lacks standing to object in any event. *See In re Richardson Indus. Contractors, Inc.,* 189 Fed.Appx. 91 (3rd Cir. 2006); *In re Hayes,* 393 B.R. 259 (Bankr.D.Mass. 2008); *In re Godon, Inc.,* 275 B.R. 555 (Bankr.E.D.Cal. 2002); *In re New Midland Plaza Associates,* 247 B.R. 877 (Bankr.S.D.Fla. 2000).

Spoon River's Objection, its Supplement and its Second Supplement should be dismissed for lack of standing. The TRUSTEE'S request to defer determination of HWS's claim until after he conducts the Meeting of Creditors is allowed.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###